Alright. Mr. Burnett. Mr. Burnett, Mr. Terry, et al., we appreciate your patience. May it please the Court, Jason Burnett on behalf of the appellants, I plan to reserve three minutes of my time for rebuttal. The district court in this case committed two errors, both of which are reviewed de novo. Can I just ask a question before you get started? What's the status of the request for a stay of the remand order? My understanding was that the district court stayed for 14 days, and then it came up here and there was a request for a stay on appeal, and the request was denied here. That's correct. The case has proceeded in the state court to my knowledge, and I will admit I'm going beyond the record, and my knowledge of the events beyond the record is very minimal, but my understanding is that the case did proceed in state court. There's been some discovery. I believe the case may be stayed now as a result of oral argument being granted, but I'm not certain about that. But the case did go forward and there was no stay. Is it clear that we can claw it back if we decide the district court, Terry? Yes, Your Honor, because all that has happened to my knowledge, and again, I am going to hoarse the record, but to my knowledge has been discovery. Yes, but I'm not talking about how much has been done. Is it clear that legally, statutorily, non-statutorily case law that we can claw it back once it is, in fact, remanded? Yes, Your Honor. You can vacate the order of remand, which would then bring the case back into Federal court. That's the result in the Russell case and the Snapper case where the court, in Snapper specifically, the court, Judge Anderson's opinion notes that it's the inherent authority of the court to vacate orders of remand in order to give effect to the judgment. Good enough. Thank you. Thank you, Your Honors. So I'm turning to the merits first to talk about the two errors committed by the district court. These, again, are reviewed de novo by the court. And the first error was enforcing a form selection clause that by its term Well, that's the substance. Don't you need to get to the 1447D issue, the jurisdictional issue? We can talk about that issue, yes, Your Honor. Well, we would like that. Okay. Well, certainly. We'll talk about the 1447D issue. So this court has held in Snapper that remand orders based on form selection clause are reviewable on appeal. This court held in Russell that that same rule applies The question, though, of course, is what Power-X's effect on Russell is. Yes, Your Honor. Isn't that the whole thing? Excuse me, Your Honor? Isn't that the whole jurisdictional, quote, unquote, issue, Power-X, and whether it abrogated Russell? Well, I think that's fair, Your Honor. Power-X does two things that are relevant to this case. So the first thing that it does is it limits something called the Waco exception for review of orders that precede remand. And the jurisdictional issue, as it was presented by the plaintiffs in the jurisdictional response, focused on the Waco exception. And the important thing to say about that is this court has never invoked the Waco exception for reviewing remand orders based on form selection clauses. It's always viewed that issue as being decided under whether it's a defect under 1440. But what does Power-X say about the Waco issue? Doesn't it say it has to be in a separate order? Yes, Your Honor. Is there a separate order here? There's not a separate order here. Okay. So isn't that the answer to the Waco issue? It's not, Your Honor, because we're not traveling under the Waco exception. You only need the Waco. No, it's an answer to anybody who argues Waco prohibits this. I'm sorry, Your Honor? It means that Waco has no bearing on this. Correct, Your Honor. Okay. All right. So Waco's out. Correct, Your Honor. So why doesn't Power-X indicate that this is not a reviewable order? Because this order is reviewable under this circuit's precedent, not under the Waco exception. I'm sorry. The question is whether Power-X undermines to the point of abrogation the Russell decision. Correct, Your Honor. Would you please address that? Sure, Your Honor. I'm sorry. Without focusing on Waco, which we all agree is gone. Thank you, Your Honor. I'm sorry. Yes. So the only other thing that the Power-X decision says is that courts of appeal must defer to a colorable characterization by the district court for the basis of its remand order. And I apologize for talking about Waco, but that was the focus of the discussion. So you are left to argue that the district court's decision wasn't even colorable? No. The district court's decision itself was based on a remand basis of this court's Russell decision. It wasn't based on a defect as defined under 1447C. Because the district court's order itself says that. Don't we have to read the remand order to see what it was based on? Yes. And the remand order proceeds through the analysis of the forum selection clauses and concludes that based on its interpretation of the forum collection clause, red mortgage can't be in the Federal court. And therefore, the unanimity requirement is not met. That's correct, Your Honor. All right. So the district court found there was a defect in the remand. I'm sorry. A defect in the removal procedure. I disagree, Your Honor. At the very least, the district court's order says two things. If it says that, and I'm not saying that it does, but if it says that, it also says that the unanimity is required under this court's decision in Russell and that its order would be appealable under Russell. All right. I'm sorry. Aren't you really arguing that, in your view, the district court's remand order is colorably based on two things, based, one, on its interpretation of the forum selection clauses, and, two, based on the lack of unanimity? Yes, Your Honor, because it's cited. And your argument is so. Even if, when we peek under, we find a legitimate ground, i.e. lack of unanimity, because there was another ground, Power-X doesn't apply. That's correct, Your Honor. That's correct, because it's a ---- And doesn't that sound like a reach? I mean, you put a smile on your face. That's a reach in Power-X, right? It's not a reach because the district court's order cites this court's decision in Russell for the lack of unanimity. Well, but I would think that along what the Chief Judge was saying is that if Russell is abrogated, that reliance is neutered. Well, Russell is not abrogated by Power-X. If I said that or if I suggested that, I want to make sure that that's not the implication. You think Russell is not in any way abrogated by Power-X? Only one aspect of the Russell decision could be abrogated by Power-X, and that is in Russell, this Court said it could look to the substance of the order and look beyond the characterization of the order. That was potentially overruled in Power-X. I want to drop a footnote here. Stop right there and say, okay, so we're going to look, right? We can now look under. We look to see what was the characterization. We don't decide for ourselves as we did in Russell, right? And when you lift up and you peek, what do you see? I want to make sure I'm clear. Power-X itself only involves subject matter jurisdiction. We understand. But as reasoning applies, the argument is full force. I disagree, Your Honor. Because 1447d applies both to defects in the removal procedure and jurisdiction. Potentially not. The Tenth Circuit made that leap and it concluded that Power-X would apply to procedural defects as well. But there's no analysis there. This Court's going to go down that road. I assume we disagree with you. Okay. I think the analysis is equal for both. Sure. Then what's up next? Well, if Power-X does apply to procedural defects, this Court has held in Russell that a lack of unanimity based on a form selection clause is not a procedural defect. And the district court's order cites Russell. So you can't characterize the district court's order as based on unanimity as a 1447c defect when it's citing a case from this Court that says lack of unanimity in this context is not a 1447c defect. That's what the district court's order says and cites. So under its own characterization of its own order, the district court is making a ruling that's outside of the contours of 1447c or d. And if the Court believes it is making such a characterization of 1447c, it's at least doing something else in addition. It's making the Russell determination that the case is appealable. So in that situation, you have two characterizations. And Power-X doesn't say anything about what you do in that circumstance. So, yes, this Court has jurisdiction because the district court's order itself is not colorably characterized on the basis of a defect under 1447c. Because of its citation to Russell? Yes, Your Honor. Which it was obligated to do because Russell at the time was good law and there was no question, no voice from this Court saying that Russell had been abrogated. I'm not sure that it was obligated to do that. It could have colorably characterized the basis for its decision as just a lack of unanimity. Well, what would have been the legal basis for the Court coming to its conclusion absent Russell? Well, I wouldn't agree with this because as the case came to the district court, all the defendants had joined in removal. But potentially — And we may be assuming a district court is required or expected to cite some authority for its action. If it can be colorably characterized as a defect for lack of unanimity, it could have just cited 1447c. It could have just said the defendants were not unanimous in removal of this case and, therefore, under 1447c, I remand, without a citation to Russell. But the Court did cite Russell. And Power-X does require you to look at the characterization of the district court opinion to see what does it say. And so for that reason, this is perhaps an unusual case where the district court makes that characterization, but Power-X requires you to look at that characterization and, in fact, to honor it. Well, and Russell relied on the Tenth Circuit case very heavily, adopted its reasoning. The Tenth Circuit has now walked away from that reasoning. Doesn't that tell us something about the strength of Russell in the light of Power-X? That's correct, Your Honor. The Tenth Circuit did express serious doubts, quote, unquote, about that earlier decision. But the Russell case from this Court relied not just on the characterization of the order, but also on the prior decision by this Court in Snapper that a decision about the substantive contractual rights of the parties is a separate issue that is extrinsic to the removal question. Again, let me — there's no question that all the — Well, that line of argument takes you back into Waco territory, doesn't it? I disagree, Your Honor. We're not under Waco at all. That whole substantive law exception. In fact, this Court has treated the Waco exception as separate from the substantive  basis for review of remand order. So there's actually three separate doctrines that could be potentially at play. Waco, matter of substantive law, and 1447C as interpreted by Thermotron. This Court has only relied on 1447C, never the matter of substantive law exception, and never the Waco exception. In fact, this Court was a pioneer. When the Ninth Circuit was extending Waco to allow review of the remand order itself, this Court in Snapper and in Hernandez says, no, we're not going to do that. We're sticking with the rule that a form-based — form selection clause-based remand order is not a defect as understood under the statute because it's not a matter of statutory requirements for removal. As this case came to the Federal District Court, all the defendants had removed. And the courts of appeals are unanimous. In a single defendant case, every court of appeals agrees that appellate review is available for remand orders based on form selection clauses. There's no reason to treat remand orders with multiple defendants separately because the analysis is exactly the same. What does the contract say about their rights? We'll hear now from Mr. Terry. May it please the Court. Russell was abrogated by Power-X. Russell is inconsistent with Power-X in several ways. Number one, Russell, in fact, relied on the Waco line of cases. Russell string-sided a number of the cases, including Pelleport Investors, which was the first case to ever say that a form selection clause determination on remand could be appealed. But that very case was the one that the Supreme Court in Power-X said was wrong. It said Pelleport is wrong. And Pelleport was the basis for all of these cases. And so it was based on Waco, and Russell invoked Pelleport, cited Pelleport for the basis that it could go and make a substantive determination on a contract, and that would be appealable. So it was abrogated in that respect. It was abrogated in another respect, Your Honor. It relied, Russell relied expressly on SBKC and had an extensive discussion of the Tenth Circuit case of SBKC. And that is the case that Judge Clevenger noted the Tenth Circuit had walked away from. And that case is directly, and the language from that case cited in Russell directly contradicts Power-X. And what it says there is, number one, it says it was a remand for lack of unanimity, which it says is a procedural defect. But then what it says is the court in SBKC disregarded the fact that the district court's remand order was ostensibly based on a procedural defect. And Power-X says you can't do that. You have to look at, you have to follow the district court's. Why don't you talk mechanically about what Power-X does to Russell in the light of what your adversary has said. I think your adversary says that that part of Russell that said we are free to characterize the reason for the remand order. We don't pay attention to what the judge said. I heard your adversary just say Russell, that aspect of Russell's abrogated. Is that what you heard him say? That is the second part. But the first part of Russell. I mean, I just want to get it mechanically. I agree. So after Power-X in Russell, so we say, well, we're not going to decide for Now, what next are we supposed to do when we look to see? If it is colorably one of the defects in 1447C, it is then covered by the prohibition on appeal in 1447D. So you look at what the district court said, and if it is even colorable. Okay. So then I'm just doing mechanically. And I think thus far your adversary is with you. He says when he peeks and looks, he sees something different than you see. Sure. Let's look at the language of the order, of the district court order. On page 2, it says, without mortgages' consent to removal, the other defendants had no right to remove this action to the court. In other words, unanimous consent. Every circuit contends unanimous, agreed unanimous consent as a procedural defect and covered by 1447C. Now, let's go to page 16, and the district court said, just directly invoked it, under 28 U.S.C., section 1446B2A, all defendants who have been properly joined must join in or consent, cites 1446B2A again, and then says if all defendants do not consent to removal, then the removal is improper and the court must grant a motion to remand. And then next they cite Russell. So your adversary says that's the game changer right there. That's what I heard your adversary say. So the problem with that invocation of Russell is, number one, Russell did say expressly that if there is a lack of unanimity, that's a defect in the removal process. It then overrode that. It overrode that based on the Pelleport line of cases, which invoke Waco. And Waco isn't there anymore. The first part, so there's a two-part logic to Russell. Number one, we can look to underlying documents, and if we do that, it's appealable. If we're interpreting underlying contracts, it's appealable under Waco. And that's not the law anymore after Power Act. Number two, where you have a lack of unanimity and we look at a underlying substantive law issue, we have two of those, and Russell says where there's a lack of unanimity, which is a defect in the removal process, and Russell does say that, is cited for that, that's one. Two, we have this ability to look at prior documents and have an appeal. That trumps the 1446b2a defect. But it can't trump it because it was based on Pelleport, which is based on Russell, and it's based on Pelleport that the Supreme Court expressly said, by name, was wrongly decided. So both parts — Well, it's to be quite technical. It's hard to know whether or not the Waco Pelleport part of Power Act is dictum as opposed to holding. You'd have to agree with that because clearly the question in Power Act was whether or not a remand that was supposedly made for a jurisdictional reason satisfied the peak under test. So — But like Power Act here — Justice Scalia says, while I'm at it, and knowing where he was coming from in the first place on this topic, he went on to cast doubt, if you will, on the line of cases out of the Ninth Circuit. I disagree that it could be called dictum because what the Court said there — I mean, do you need all of that argument? I mean, isn't it sufficient in your case to say that in this case a defect in a remand procedure is equal to a jurisdictional for purposes of Power Act? Absolutely. And when you do the peak under, when you look at page 17, you see that he's doing  That's exactly right, Your Honor. And frankly, you know, when you have two arguments, you make both of them. And we do have the argument, the additional argument of the invalidation. That front end of Power Act seems to me like a pretty straightforward, almost mechanical type of analysis one does when you're fortunate enough to have a remand that is colorably based on jurisdiction or defect. And we do have that. And that this Court might await another day when it grapples with the more complex issues. And I think that's right, Your Honor. I don't think you need to reach that. But if you were to disagree with us on that second point, I think we would also prevail on the first. Your Honor, if there are no further questions, and having heard no discussion of the merits, I'm going to sit down. Thank you. Thank you. Mr. Burnett, three minutes. Thank you, Your Honors. If you turn the next page of the order, Judge Clevenger, page 18, there's a second citation to Russell in the district court's order. And the district court says, the court recognizes that while many remand orders are not appealable under 28 U.S.C. 1447d, this one is. See, Russell? The district court doesn't get to decide whether its orders are appealable or not. Well, that's true, but it does get to decide the characterization. Well, then it can characterize it, but it can't tell us whether it's appealable or not. I agree with that, Your Honor. But it characterized this order as an appealable order, citing Russell, and the because it's not based on a defect under 1447c. The district court understood that and cited Russell for that proposition. So if it's not a 1447c ---- Are you saying if the district court had anticipated the Power X holding, it might have come up with a different ground that would have protected you in this removal? It relied to its detriment on Russell? I don't know that ---- I'm not ascribing any motive to the district court. You have to take the characterization as given under Power X, what the district court has said about its order. And Power X requires you to look at that characterization. And the characterization here is that I'm remanding ---- The district court had no power to say if the Supreme Court comes along later and abrogates Russell, no matter. You've still got to go with my rationale at this particular point. It has no power to do that. I'm not sure, Your Honor. If the law of the land survives that its characterization is what prevails, then I think the district court does get to characterize its order in the way that it wishes to. Now, it has to be colorable. If a district court said, I'm remanding for a defect ---- But you can't characterize what the district court did as anything other than relying on a defect in the removal proceeding. There's no other category to give to that, is there? I disagree, Your Honor. He's remanding on the reliance of the Russell decision, which itself held that a remand in this situation is not a defect under 1447C. So I disagree. It's not remanding under the basis of a lack of unanimity as a defect under 1447C. And take a step back. So is the language that you pointed to on page 18 of what you're saying is a rationale, or is it just simply a recognition that Russell exists? And so long as Russell exists, go ahead and take your appeal. Why is this, the language that you point to, why is that the rationale of the remand order? It's not speaking to the remand order. It's not the rationale for the remand order, Your Honor. You just said that a minute ago. Well, I ---- Do you want to take that back? I don't want to take it back because I think you have to look at the order as a whole. You can't color. I mean, we're asking whether something is colorable, and you're coloring your I'm not taking it back, Judge Kledinger. The district court was simply explaining why it was granting a stay. It was granting a stay because it thought its order was appealable. It wasn't saying this is the heart and soul of my order. It's just saying the next sentence is Federal Rule of Civil Procedure 62C governs, quote, the power of district courts to stay on order pending appeal, period, end of quote, et cetera, et cetera. It's always talking about it. I don't disagree, Judge Carnes. My point is on the preceding page, the district court cites Russell for the proposition that unanimity is a requirement, and without unanimity, it must remand. So the basis for its remand decision is the Russell decision as shown on page 17. For that limited proposition, which is still a good one. You still have to have unanimity. You do, Your Honor. But if the lack of unanimity results because of a construction of the contract, that's not a defect under 1447C. And that's what this Court has held in Russell and Hernandez. This case came to the Federal district court with all defendants consenting to removal. The purpose for having that unanimity requirement to make sure we don't have multiple claims going on in different forms is totally absent here because all the defendants did consent to removal. Scaliar. One of them was a false consent. Miller. It was a deceit. That's right. Went to the heart of the bargain. With no intent to harm, but it was a deceit. I apparently am barred from talking about the merits, but I think our merits arguments are very strong on why the Form Selection Clause from the commitment letter applies in this case, because the claims that the plaintiffs have brought do not arise under the two documents referred to in the Form Selection Clause. So we had a good-faith basis for removing, and the Court remanded on the basis of Russell. Thank you. Thank you, Your Honor. We'll take that case under submission.